*CITIZENS' MOTOR CAR CO. v. JOSEPH HAMILTON.

1. PEDESTRIAN CROSSING STREET IN FRONT OF STREET CAR WITHOUT AS-
   CERTAINING IMMINENCE OF AUTOMOBILE CONCEALED BY IT IS NOT
   GUILTY OF NEGLIGENCE PER SE.

   To cross a street in front of a street car without first ascertaining
   whether an automobile or other vehicle, proceeding in the same
   direction as the car and concealed by it, is running at a great
   and unlawful rate of speed is not negligence *per se.*

2. CHOICE OF WRONG COURSE BY PEDESTRIAN IN MOMENT OF PERIL OF
   COLLISION WITH STREET CAR OR AUTOMOBILE OR STANDING STILL.

   A pedestrian, after having passed safely in front of a car, being
   confronted by an automobile running at great speed and but a
   few feet distant, is not to be held to the exercise of the same
   care in the choice of a way of escape that prudent persons would
   exercise were there no danger present; hence an instruction to
   the jury that a plaintiff thus situated could be charged with
   ordinary care only is relevant and free from error.

ERROR to common pleas court.

*Robert Ramsey,* for plaintiff in error.
*Theodore Horstman,* for defendant in error.

## GIFFEN, P. J.

The plaintiff, Hamilton, could and did pass in safety over
the street railway in front of a moving car, and he was not
negligent *per se* in thus crossing without first ascertaining
whether an automobile or other vehicle was moving in the
same direction with and on the other side of the street car at a
dangerous and unlawful rate of speed. He had a right to as-
sume that any such vehicle was running, if at all, at a lawful
rate of speed.

When he reached the other side of the street railway he
saw the automobile approaching at a dangerous and excessive
rate of speed. Three alternatives were presented to him: either

---

*Affirmed, no op., *Citizens Motor Car Co.* v. *Hamilton,* 83 O. S. 450.

Hamilton County.

to stand still, retreat in front of the moving street car or attempt to pass beyond the automobile, any one and all of which were apparently dangerous, although had he remained standing he would probably have avoided injury.

In such a situation of peril the rule stated in the third proposition of the syllabus of the case of *Pennsylvania Ry.* v. *Snyder,* 55 Ohio St. 342 [45 N. E. Rep. 559; 60 Am. St. Rep. 700], applies and the court so charged the jury; but it is claimed that the charge was not relevant to any issue tendered.

The plaintiff was required to exercise ordinary care, and the instruction given was merely a definition of ordinary care on the part of a plaintiff, who, without his fault, was in a situation of unusual peril. He had reasonable grounds for believing that the course pursued would be the safest, and should not be charged with the consequences of error of judgment resulting from the excitement and confusion of the moment. *Iron Ry.* v. *Mowery,* 36 Ohio St. 418 [38 Am. Rep. 597]; *Pennsylvania Co.* v. *Langendorf,* 48 Ohio St. 316 [28 N. E. Rep. 172; 29 Am. St. Rep. 553].

The judgment should be affirmed.

**Smith** and **Swing, JJ.,** concur.

---

## COSTS AND FEES—POLICE.